## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMEL BLANTON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| NEWTON ASSOCIATES, INC., a/k/a | § | **CIVIL ACTION NO. 5:12-cv-01103** |
| RICHMOND ENTERPRISES, INC., d/b/a | § | |
| PIZZA HUT | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jamel Blanton files this, his Original Complaint, against Newton Associates, Inc., a/k/a Richmond Enterprises, Inc., d/b/a Pizza Hut for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jamel Blanton ("Plaintiff" or "Blanton") is currently a citizen and resident of the State of Texas.

2. Defendant Newton Associates, Inc., a/k/a Richmond Enterprises, Inc., d/b/a Pizza Hut, ("Defendant" or "Pizza Hut"), is a corporation, authorized to do business, and is doing business, in the State of Texas, with its main corporate headquarters being located at 1009 Austin Highway, San Antonio, Texas 78209. Defendant may be served through its registered agent for service, John M. Richmond, located at 1009 Austin Highway, San Antonio, Texas 78209, or wherever he may be found.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

---

4.      Plaintiff filed a "Charge of Discrimination" with the Texas Workforce Commission/Texas Commission on Human Rights ("TCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about October 9, 2011, alleging race discrimination and harassment, sexual harassment, and illegal retaliation.  This action is being commenced within the required time limits of Texas Commission on Human Rights Act ("TCHRA") and 42 U.S.C. §1981 *et seq.*

### III. FACTUAL BACKGROUND

5.      Plaintiff was formerly employed by Defendant as a driver and cook.  During Plaintiff's employment with Defendant he was subject to severe and pervasive sexual harassment and racial discrimination/harassment by his manager.

6.      Plaintiff is a non-Caucasian American male, having skin color and physical features that would place him in the commonly referred to classification of "Black" or "African-American." He possesses distinct racial features and ethnic characteristics that are different from Caucasian or "white" Americans.

7.      The acts of sexual harassment consisted of constant inappropriate comments to Plaintiff, including but not limited comments such as the following:

- "Do all black guys have big penises?"
- "Hey Fat Albert, how do you like it? Do you enjoy it?" (referring to sex);
- "What I would do for you if you were well-endowed;"
- "What's wrong?—not getting any p***y lately?"
- "How big is your penis? Can I see your penis?" and
- "I'll bet you're a Hercules," (referring to Plaintiff's penis)

8.      The acts of racial harassment consisted of inappropriate comments to Plaintiff, including, but not limited to, asking Plaintiff if "black women have nappy hair?" "Do you always eat chicken and watermelon?" "You're like a big, black snowman," and calling him "n****r"

9.      Plaintiff complained to multiple managers about the Store Manager's inappropriate racial and sexual remarks on various occasions.   On or about September 7, 2011, Plaintiff complained directly to Pizza Hut's owner, but Pizza Hut failed to take adequate action to address or rectify Plaintiff's complaints of sexual and racial harassment.   On the contrary, after making complaints of sexual and racial harassment, Plaintiff endured acts of retaliation.   Plaintiff was put on a leave of absence, and upon his return to work, he was informed that his working hours were cut from full-time, (40 hours per week), to just 15 hours per week.

10.      After enduring additional acts of sexual and racial harassment and the retaliation for making complaints, Plaintiff was constructively discharged from his position with Defendant, as Plaintiff's working conditions became so intolerable that he was forced to resign.

## IV. CAUSE OF ACTION-- VIOLATION OF TCHRA & 42 U.S.C. 1981

11.      Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

12.      Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the TCHRA, TEX. LABOR CODE. §§21.001 et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1981(a).

13.      Defendant is an "employer" as defined by the TCHRA.

14.      Plaintiff is an "employee" as defined by the TCHRA.

15.    Plaintiff's claims of discrimination, harassment, and/or retaliation pursuant to contract under 42 U.S.C. §1981 and 42 U.S.C. §1981(a), are brought pursuant to the requirements and obligations of those statutes and 42 U.S.C. §1983.

16.    As described above, Defendant intentionally and willfully violated the TCHRA, and 42 U.S.C. 1981, by racially and sexually harassing, discriminating, and retaliating against Plaintiff, such that it affected the terms and conditions of Plaintiff's employment, and ultimately led to the constructive discharge of Plaintiff.

17.    Defendant does not have adequate policies or procedures in place to address the harassment or discrimination, nor did they implement prompt remedial measures.

18.    As a result of Defendant's violations, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits, (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit. Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

19.    As a result of these willful and intentional violations of federal law mentioned above by Defendant, Plaintiff requests that they he be awarded all compensatory and punitive damages to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

## V. JURY DEMAND

Plaintiffs request a trial by jury on all claims.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

a.     Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b.     Judgment against Defendant for compensatory damages, (including, but not limited to, mental anguish and loss of enjoyment of life), in the maximum amount allowed by law;

c.     Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d.     An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the TCHRA and 42 U.S.C §1981;

e.     Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f.     Costs of suit, including attorney's fees and other costs; and

g.     The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.


Respectfully submitted by:


Robert (Bobby) Lee
State Bar No. 00787888
lee@l-b-law.com
Carmen Artaza
State Bar No. 24055114
artaza@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010

**ATTORNEYS FOR PLAINTIFFS**