IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMEL BLANTON §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>NEWTON ASSOCIATES, INC., a/k/a §<br>RICHAMOND ENTERPRISES, INC. d/b/a §<br>PIZZA HUT §<br>§<br>*Defendants*. § | Civil Action No.  SA-12-CV-1103 |

## ORDER

On this date, the Court considered the U.S. Magistrate Judge's Report and Recommendation on a motion to enforce discovery sanctions. After careful consideration, the Court DECLINES to adopt the Report and Recommendation.

## BACKGROUND

This lawsuit arises from Plaintiff Jamel Blanton's employment at Pizza Hut. Mr. Blanton alleges that during the course of his employment he was subjected to sexual harassment and racial discrimination. On November 12, 2012, Mr. Blanton filed an original complaint in this Court, alleging violations of 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act ("TCHRA").

On May 10, 2013, Mr. Blanton filed a motion to compel based upon Defendants' failure to respond to Plaintiff's First Set of Interrogatories and First Request for Production. Doc. No. 16. The Magistrate Judge granted the motion to compel and instructed Defendants to produce its responses by June 24, 2013. When Defendants failed to do so, Mr. Blanton

filed a motion for sanctions. Doc. No. 20.  The Magistrate Judge again granted the motion, and ordered Defendants to produce the responses within 10 days and pay Plaintiff $1000 in reasonable costs on or before July 31, 2013.   Doc. No. 21.  In its order, the Magistrate Judge advised Defendants that failure to cooperate could lead the Court to strike the answer and enter a default judgment. *Id.*   Nevertheless, Defendants again failed to comply.  On September 11, 2013, Mr. Blanton filed this motion to enforce. Doc. No. 23.

On October 10, 2013, the Magistrate Judge issued its Report and Recommendation. Doc. No. 24.   The Magistrate Judge recommends striking the answer and entering default judgment against Defendants under Rule 37 of the Federal Rules of Civil Procedure. *Id.*  On October 11, 2013, Defendants filed a combined response to Plaintiff's motion for sanctions and objections to the Magistrate Judge's Report and Recommendation. Doc. No. 25.  These objections allege that Defendants provided supplemental responses to Plaintiff's interrogatories on September 23, 2013. *Id.*  In addition, Defendants paid $1000 in sanctions on October 11, 2013. *Id.*

## LEGAL STANDARD

Any Report or Recommendation that receives an objection requires *de novo* review. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  When conducting a *de novo* review, the Court will examine the entire record and will make an independent assessment of the law.

**DISCUSSION**

On the basis of Defendants' repeated failure to comply with discovery orders, the Magistrate Judge recommended that the Court strike the answer and enter a default judgment against Defendants. Doc. No. 25. As the Magistrate Judge notes, such a sanction is "authorized only when the failure to comply with the court's order results from willfulness or bad faith… (and) where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *KeyBank Nat. Ass'n v. Perkins Rowe Associates, L.L.C.*, 12-30998, 2013 WL 4446820 (5th Cir. Aug. 21, 2013) (quoting *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998). "The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

The Court largely agrees with the Magistrate Judge that Defendants' repeated failure to comply with discovery orders in this case constitutes sufficiently willful misconduct to warrant entry of a default judgment. However, the Magistrate Judge's recommendation was made under the assumption that Defendants had still totally failed to supplement their responses to Plaintiffs' interrogatories. While the Magistrate Judge had the motion to enforce under advisement, Defendants apparently attempted to comply by supplementing their responses to Plaintiff's discovery requests as required by the Magistrate Judge's prior orders. Doc. No. 25. Defendants did not inform the Court of their attempted compliance until filing their written objections to the Magistrate Judge's Report and Recommendation. In addition, Defendants have complied with the order to pay Plaintiff $1000, although this occurred over two months after the deadline had passed. Plaintiff claims that some of the responses are still

3

deficient.[1]  Doc. No. 26.  However, the Court declines to strike the answer and enter a default judgment in circumstances where a party has at least attempted to put itself into compliance. Defendants' attempt to supplement their responses, although tardy and potentially incomplete, indicates that less drastic sanctions may achieve compliance.  Moreover, there is no evidence that the client is to blame for counsel's misfeasance.

The Court does agree with the Magistrate Judge that further sanctions are appropriate in this case.  While the Court is aware that discovery can be burdensome and that counsel may have other matters, there is a line between justifiable delay and deliberate sand-bagging.  This case is set for trial on December 16, 2013.  Mr. Blanton and his counsel have diligently been attempting to collect discovery since February, 2013.  Plaintiff should not need to have to file three motions to get Defendants to comply with basic discovery requests.  In addition, Defendants' persistent non-compliance has required a U.S. Magistrate Judge to issue three written orders in this case. Defendants offer no excuse for their conduct in their written objections, other than to claim that they were "in no way attempting to disobey the Court's order." Doc. No. 25 at 2.  Whatever their intentions, Defendants' behavior in this case has been unacceptable.  Defendants are ORDERED to fully supplement their responses and pay Plaintiff additional reasonable expenses in the amount of $3000.[2]  Failure to do both within 10 days of this order will lead the Court to strike Defendants' answer and enter a default judgment.

---

[1] Specifically, Plaintiff alleges that Defendants' responses to two interrogatories remain incomplete.
[2] To be clear, this figure is in addition to the $1000 already paid.

**CONCLUSION:**

Defendants are ORDERED to fully supplement their responses to Plaintiff's discovery requests. In addition, Defendants are ORDERED to pay a further $3000 in reasonable fees to Plaintiff on or before October 31, 2013. Defendants must file an advisory indicating that they have met this obligation in a timely fashion. Defendants are advised that any failure to comply will result in the Court striking their answer and entering a default judgment against them.

SIGNED this 21st day of October, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE