IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMEL BLANTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-1103-XR |
| | § | |
| PIZZA HUT OF SAN ANTONIO, | § | |
| NUMBER 6, INC., NEWTON | § | |
| ASSOCIATES, INC., and NEWTON | § | |
| ASSOCIATES I, LTD., all d/b/a PIZZA | § | |
| HUT OF SAN ANTONIO, INC., | | |
| | | |
| *Defendants*. | | |

## ORDER

On this date, the Court considered Plaintiff's renewed motion for judgment as a matter of law and/or for a new trial. Doc. No. 77.  After careful consideration, the Court DENIES the motion.

## BACKGROUND

This lawsuit arises out of Plaintiff Jamel Blanton's employment relationship with Defendants Pizza Hut Number 6 of San Antonio, Newton Associates, Inc., and Newton Associates I, Ltd. (collectively "Pizza Hut").   On November 20, 2012, Mr. Blanton filed an original complaint in this Court alleging that he was sexually and racially harassed by his supervisor in  violation of 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act ("TCHRA"). Doc. No. 1.   In addition, Mr. Blanton claimed that he was unlawfully retaliated against for complaining about the harassment. *Id.*

Mr. Blanton was employed by Pizza Hut as a driver and later as a cook. When Mr. Blanton began his employment with Pizza Hut, he received a written "handbook" that included Pizza Hut's anti-discrimination policy. This policy prohibits sexual and racial harassment and instructs employees on how to report incidents thereof. In pertinent part, the policy provides that if an employee is being harassed by his or her supervisor, the employee should report it to the supervisor's supervisor.

During the course of Mr. Blanton's employment he was subjected to severe verbal abuse by his supervisor, Ms. Lou Rosario. In September 2011, Mr. Blanton complained to Mr. Eddie Rios, the local area manager, and Mr. John Richmond, President of Newton Associates, Inc., about the harassment. Ms. Rosario was promptly terminated.

Sometime prior to when Mr. Blanton reported the harassment, it became apparent to Pizza Hut during a routine check that Mr. Blanton no longer possessed a valid drivers license. The parties agree that without a license Mr. Blanton could not legally be employed as a driver. Mr. Richmond testified at trial that he offered Mr. Blanton the chance to stay on as a cook. Mr. Blanton accepted this offer and remained employed by Pizza Hut. However, Mr. Blanton claims that he never received the hours he was allegedly verbally promised as a cook. Unable to maintain a living wage, Mr. Blanton asserts that he was constructively discharged in retaliation for complaining about Ms. Rosario's conduct.

This case was tried to a jury between December 16, 2013, and December 18, 2013. The jury found that Mr. Blanton had been subjected to both racial and sexual harassment but that Pizza Hut had proved its *Faragher / Ellerth* affirmative defense and that Plaintiff was accordingly not entitled to relief. The jury also found that Pizza Hut had not retaliated against

Mr. Blanton for reporting the harassment. On December 27, 2013, Mr. Blanton timely filed this renewed motion for judgment as a matter of law ("JMOL") or, in the alternative, for a new trial. Doc. No. 77.

## LEGAL STANDARD

A motion for JMOL should be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." FED.R.CIV.P. 50(a). Thus, "if reasonable persons could differ in their interpretations of the evidence, then the motion should be denied." *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000) (citing *Baltazor v. Holmes*, 162 F.3d 368, 373 (5th Cir. 1998)). A litigant cannot obtain judgment as a matter of law "unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 451 (5th Cir. 2013) (citing *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012), *cert. denied,* ––– U.S. ––––, 133 S.Ct. 1585 (2013)). The jury's verdict is afforded great deference. *Id.* In ruling on a motion for JMOL, a court does not weigh witness credibility and disregards all evidence favorable to the moving party that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000).

With respect to a motion for a new trial, Rule 59 provides that "[a] a new trial may be granted . . . in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. FED. R. CIV. P. 59 (a). A district court can grant a motion for new trial if the first trial was unfair or if the jury verdict was against the great weight of the evidence. *Cates v.*

*Creamer*, 431 F.3d 456, 460 (5th Cir. 2005) (citing *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989)).  "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

## DISCUSSION

Mr. Blanton's primary contention is that Pizza Hut failed to present sufficient evidence for a reasonable jury to find that its *Faragher / Ellerth* affirmative defense applied.  Doc. No. 77.  To prevail on this affirmative defense, an employer must prove: (1) that it exercised reasonable care to prevent and promptly correct any harassment; and (2) that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.  *Faragher v. Boca Raton*, 524 U.S. 775, 807 (1998).  At trial, Pizza Hut established that it had an anti-harassment policy and grievance procedure outlined in its employee handbook.  It also showed that Mr. Blanton received the policy and acknowledged having read it.[1]

With respect to the first prong of the *Faragher / Ellerth* defense, Mr. Blanton argues that Pizza Hut's showing that it had an anti-harassment policy is insufficient as a matter of law.  Doc. No. 77 at 8.  In other words, Mr. Blanton asserts that the employee is entitled to judgment as a matter of law when the employer only shows the existence of a policy and nothing more.  *Id.*  This proposition is unsupported by case law, including that cited by Mr. Blanton in support of this motion.  Mr. Blanton directs the Court to an Eleventh Circuit case

---

[1] Mr. Richmond also testified at trial that Pizza Hut store managers received additional anti-discrimination training but could not recall whether Ms. Rosario had been present at any of these trainings.

that provides that "[a]n employer's showing that it has a sexual harassment policy does not automatically satisfy its burden." *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d. 1305, 1314 (11th Cir. 2001). Pizza Hut is not arguing that the mere existence of its policy entitled it to judgment as a matter of law. Instead, the policy was one critical piece of evidence from which the jury could determine whether Pizza Hut took reasonable steps to prevent and correct harassment. Similarly, many of the cases cited by Mr. Blanton involve courts denying an employer's motion for summary judgment where the only evidence is the existence of the policy. *See, e.g., Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 349 (6th Cir. 2005); *E.E.O.C. v. Rock-Tenn Servs. Co., Inc.*, 901 F. Supp. 2d 810, 819 (N.D. Tex. 2012). These opinions reflect the fact it is for the jury to assess whether the policy in question is sufficient.[2] In this case, the jury determined that Pizza Hut's policy constituted reasonable care on its behalf. This finding is entitled to deference.

In *Faragher*, the Supreme Court noted that "proof that an employer had promulgated an anti-harassment policy with a complaint procedure is not necessary in every instance as a matter of law." *Faragher*, 524 U.S. at 807. Thus, even if Pizza Hut did not show that it had an anti-harassment policy in place, Mr. Blanton would not necessarily have been entitled to judgment as a matter of law. While in reality it may be difficult for an employer to prevail on the affirmative defense absent a written policy, the point illustrates the tenuous nature of Mr. Blanton's assertion that he is entitled to judgment as a matter of law in this case.

Mr. Blanton next argues that Pizza Hut failed to show that its policy was effective because it did not train its managers or employees on the policy. Doc. No. 77. Although

---

[2] If Mr. Blanton is correct that the existence of a policy alone entitles him to judgment as a matter of law, then the employee in these cases would have been entitled to summary judgment.

5

training is a wise practice, Mr. Blanton does not cite to any case imposing a duty on employers, as a matter of law, to train their employees on their anti-harassment policies. When assessing whether an employer's policy is effective, courts often look at whether the policy outlines a clear procedure for reporting violations. *See, e.g., Boh Bros.,* 731 F.3d at 463; *Casiano v. AT&T Corp.*, 213 F.3d 278, 286 (5th Cir. 2000). Since Pizza Hut's policy clearly contemplates reporting and provides direction on how a victim of harassment can do so, a juror could find that it was a sufficient manifestation of Pizza Hut's reasonable care to prevent and correct harassment. Moreover, a juror could find that the policy was effective because the evidence showed that Mr. Richmond terminated Ms. Rosario immediately after learning of her misconduct. *See, Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004) (finding policy effective where transgressor was fired within 3 weeks). Ultimately, it is not necessary to endorse Pizza Hut's anti-harassment efforts to hold that a reasonable juror could have found that it took reasonable steps to prevent and correct the harassment.[3]

With respect to the second prong of the affirmative defense, Mr. Blanton argues that no juror could have found that he unreasonably failed to take advantage of any corrective opportunities. Doc. No. 77. Mr. Blanton claims that he complied with the policy by reporting the harassment to his shift leader and his assistant manager. *Id.* The policy provided that if an employee was being harassed by his or her supervisor, then the employee should report the harassment to the supervisor's supervisor. The jury was entitled to find that Mr. Blanton

---

[3] Mr. Blanton suggests that if the Court denies this motion that it will be holding that an employer is entitled to judgment as a matter of law solely by showing the existence of a written anti-harassment policy. This is not the case. The Court's decision merely reflects the fact that when an employer establishes the existence of a policy, it is for the jury to decide whether it satisfies the employer's burden of reasonable care under the first prong of the *Faragher/ Ellerth* defense.

failed to comply with this policy until he reported the harassment to Ms. Rosario's supervisor, Mr. John Richmond.[4]

The evidence shows that Ms. Rosario was harassing Mr. Blanton for a significant amount of time before he reported it to his either Mr. Rios or Mr. Richmond. In addition, the evidence shows that Ms. Rosario was promptly terminated when Mr. Richmond learned of her misconduct. The jury could have found that by delaying his reporting of the harassment, Mr. Blanton was failing to take advantage of his ability to report Ms. Rosario and have her terminated. Mr. Blanton attempts to justify his delay in reporting Ms. Rosairo's conduct by claiming that he was afraid of retaliation. However, the jury was entitled to view this fear as unreasonable and find that Mr. Blanton did not have good cause for failing to report Ms. Rosario in a timely fashion. Therefore, there was sufficient evidence in the record for the jury to conclude that Pizza Hut was entitled to its affirmative defense.

Mr. Blanton also argues that Defendants were not entitled to the *Faragher / Ellerth* defense because the evidence showed that he suffered an adverse employment action as a result of the harassment. Doc. No. 77. The *Faragher / Ellerth* defense is unavailable "when the supervisor's harassment culminates in a tangible employment action." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 762 (1998). Specifically, Mr. Blanton alleges that his hours were reduced to the point where he could no longer afford his rent or transportation to work and was thus constructively discharged. Doc. No. 77 at 11. Mr. Blanton has not put forward any evidence linking the reduction in hours to the harassing supervisor, Ms. Rosario. *See, Casiano*, 213 F.3d at 284–85 (finding no tangible employment action where an employee was denied

---

[4] The evidence shows that Mr. Blanton was social acquaintances with both his shift leader and the assistant manager. Thus, the jury could find that he was not "reporting" Ms. Rosario's conduct when he confided in them regarding the harassment.

access to a training program because another manager, not the harassing supervisor, was responsible for the decision). At trial, Mr. Blanton sought to use the reduction in hours as evidence that Pizza Hut (and not Ms. Rosario) retaliated against him for making the complaint. That claim was rejected by the jury and Mr. Blanton does not challenge that finding in this motion. Now, Mr. Blanton argues that the same reduction in hours is attributable to Ms. Rosario as part of the harassment. Since Mr. Blanton's hours were reduced *after* he reported the harassment and Ms. Rosario was terminated, it was not possible for this action to have been a part of her harassing conduct. Mr. Blanton has not shown that he suffered an adverse employment action related to his harassment by Ms. Rosario. Accordingly, Pizza Hut was entitled to assert its affirmative defense.

Mr. Blanton also alleges that the Court erred in permitting Defendants to assert its affirmative defense after the scheduling order deadline to amend pleadings had expired. Doc. No. 77 at 11. On November 25, 2013, Mr. Blanton filed a motion for leave to add Pizza Hut of San Antonio Number 6 and Newton Associates I, LTD., as Defendants in this case. Doc. No. 40. Over Defendants' objection, this Court granted leave to amend so that the correct corporate Defendants could be parties to this case. In the interest of fairness, when granting Plaintiff leave, the Court simultaneously granted Defendants leave to amend their answer to assert the *Faragher / Ellerth* affirmative defense. In addition, the Court noted that there was no prejudice to Plaintiff because the affirmative defense had been explored by both parties during discovery. Mr. Blanton now argues that the Court should have required Pizza Hut to show "excusable neglect" for why it did not raise the affirmative defense earlier. Mr. Blanton does not mention that the affirmative defense was only raised after he sought leave of court to

add two new parties. The Court could only allow these parties to be brought into the case if it ensured that they would not be prejudiced by their late addition to the ongoing lawsuit. Accordingly, the Court was within its discretion to permit these new parties to amend their answer and assert the affirmative defense.

Finally, Mr. Blanton argues that he is entitled to a new trial because the jury verdict was against the great weight of the evidence. Doc. No. 77. As described above, Pizza Hut proffered sufficient evidence for the jury to find for it on its affirmative defense.

## CONCLUSION

In light of the foregoing analysis, Plaintiff's motion for judgment as a matter of law and/or for a new trial is DENIED. Doc. No. 77.   Defendants' motion to approve the final judgment is GRANTED. Doc. No. 76. It is hereby ORDERED and ADJUDGED that Plaintiff shall take nothing on his claims. Defendants are awarded costs of court and shall file a Bill of Costs in accordance with the local rules.

SIGNED this 14th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE